HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| M.H., a minor; C.H., a minor; SOPHIE HARTMAN, individually and as a parent of C.H. and M.H., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES ("DCYF"); KELSEY OWENS, DCYF Investigator; LAUREN MAULDEN, DCYF Case Worker; CITY OF RENTON POLICE DEPARTMENT ("CRPD"); ADELE O'ROURKE, CRPD Detective; KING COUNTY, a public corporation; VIRGINIA WHALEN; SEATTLE CHILDREN'S HOSPITAL; REBECCA T. WIESTER, M.D.; MARK S. WAINWRIGHT, M.D., Ph.D.; TIMOTHY J. BREI, M.D.; LUSINE AMBARTSUMYAN, M.D.; HELEN L. DICHEK, M.D.; NANCY CHASE, B.S.N., R.N.; BETH WEBB NAUERT, M.D.; and JOHN and JANE DOES 1-10, <br><br> Defendants. | No. 2:24-cv-00554-JLR <br><br> **STIPULATED PROTECTIVE ORDER** |

The Court finds that this action involves confidential, privileged, and personal information, including but not limited to state juvenile dependency records and files that are confidential under

STIPULATED PROTECTIVE ORDER
(2:24-cv-00554-JLR) – 1

RCW 13.34 and 13.50, police reports which involve child victims, as well as medical, mental health and other files, that may contain documents and information that are confidential under 45 CFR 160-165 (HIPAA), RCW 10.97, RCW 26.44, RCW 70.02, RCW 70.96A, RCW 71.34, RCW 74.04, RCW 74.13, and other statutes, as well as documents and information that are exempt from disclosure under the Public Disclosure Act, RCW 42.56.  Further, the Court finds that privileged communications are only discoverable under FRCP 26 if an exception to a privilege applies to authorize discovery.  Further, the Court finds that Local Court Rule 5.2 governs redactions as to court filings.  Thus, to facilitate the prompt resolution of disputes over confidentiality, privilege, and the discovery of materials under FRCP 26, to adequately protect information that both the parties, and any nonparties, are entitled to keep privileged and/or confidential, and to ensure that the parties are permitted reasonably necessary uses of documents and information in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), and for good cause shown, it is hereby

ORDERED that the following agreed terms shall govern the production of documents and other materials in this action:

**1. Definitions**

    a. "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    b. "Material" means all information, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties.

    c. "CONFIDENTIAL Material" means information, documents, or things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any

  other applicable privilege or right related to confidentiality or privacy or iii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Information and other Material may be designated as CONFIDENTIAL for purposes of this Protective Order if the Designating Party in good faith considers it to constitute or to contain confidential information. CONFIDENTIAL Material shall include all information, documents, testimony, and things referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing.

d. "Producing Party" means a Party or nonparty that produces Material in this action.

e. "Receiving Party" means a Party that receives Material from a Producing Party.

f. "Designated Material" means Material that is designated "CONFIDENTIAL" under this Order.

g. "Designating Party" means a Party or nonparty that designates information, documents or things as "CONFIDENTIAL"

h. "Outside Counsel" means counsel who appears on the pleadings as counsel for a Party, employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including support staff employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or an independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

i. "In-House Litigation Counsel" means any attorney employed by a Party in the capacity of a litigation attorney whose primary responsibility is to manage, supervise or oversee litigation as part of his or her responsibilities for the Party and who does not engage in competitive decision-making (and their support staff such as paralegals, administrative assistants and secretaries).

j.  "Outside Consultant" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Outside Counsel to serve as an expert witness or as a consultant in this action and who is not a current or anticipated employee of a Party, or of a competitor of the Producing Party, or a consultant involved in product or process development for a competitor of the Producing Party.

k.  "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; court reporting; translating; designing and preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist in that consultant's work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**2.    Protected Materials**

a.  <u>Documents and Other Tangible Materials</u>

1.  Information and narratives that reference, and therefore pertain to, Plaintiff Sophie Hartman and/or the minor children M.H. and/or C.H. will be produced unredacted including medical, psychological, mental health, Child Protective Services (CPS) and law enforcement reports, records and information;

2.  Names and personal information of any non-party minor children will be redacted;

3.  All records and information as to third parties, including third party minor children, that involve confidential, privileged, and personal information, if any, including but not limited to state juvenile dependency records and files, police reports, medical, mental health and other files protected under state and federal law will be redacted.

4.  All names and information regarding foster parents, if any, shall be redacted.

STIPULATED PROTECTIVE ORDER
(2:24-cv-00554-JLR) – 4

5.   Names of mandatory reporters, if any, shall be produced unredacted, while the identifying information of non-mandatory reporters will be redacted.

6.   All social security numbers will be redacted;

7.   All Attorney-client privileged and attorney work product information will be redacted;

8.   Personnel files of employees are subject to the conditions of this Order, and any personnel files will be produced with personal identifying information redacted, including but not limited to social security numbers, date of birth, bank account information, tax information, driver's license information and other protected personal information under RCW 42.56.

9.   A detailed privilege log will be included in all productions noting documents redacted or withheld and the reasons therefore, including all redactions and/or withholding of attorney-client privileged and/or attorney work product information. No privilege log shall otherwise be required for redaction or withholding consistent with the specific provisions of this Order.

b. Nontangible Materials

All Material designated CONFIDENTIAL that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party of the designation in writing in accordance with the terms set forth above and with a detailed privilege log included.

c. Deposition Testimony and Transcripts

Any Party may designate as CONFIDENTIAL information that is disclosed at a deposition in this action by indicating on the record at the deposition that the testimony is CONFIDENTIAL and is subject to the provisions of this Protective Order. Any Party may also designate information as CONFIDENTIAL by notifying the court reporter and all of the Parties, in writing and within 30 days after receipt of the deposition transcript, of the specific pages and lines of the transcript that

should be treated thereafter as CONFIDENTIAL. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/her possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL for at least a period of 30 days after receipt of the transcript, except that such temporary designation shall not preclude the witness from reviewing the transcript for purposes of making corrections thereto.

**3.      Inadvertent Production**

      a.  <u>Nondesignated Material</u>

Inadvertent disclosure of privileged and/or attorney work product information shall be protected under FRCP 26 (b)(5)(B) and FRE 502.

      b.  <u>No Waiver of Privilege</u>

Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests the destruction of such inadvertently-produced documents to the Producing Party. Upon such a request, the Receiving Party shall immediately take steps to ensure that such inadvertently produced documents are treated as privileged or immune from discovery unless and until the Court rules otherwise and that they are sequestered from further copying, distribution, and/or review by the Receiving Party and its Outside Counsel, except to the limited extent necessary to establish whether the claim of privilege or work product immunity is valid. In addition, within seven (7) days of the Producing Party's request, the Receiving Party must destroy all copies of such inadvertently produced document(s) (and any other documents or things to the extent they incorporate such privileged or immunized material), unless it first informs the Producing Party of its intent to challenge the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation before

the Court.  Pursuant to Fed. R. Evid. 502(e), once this Protective Order is entered by the Court, this agreement shall be binding on third parties.

**4.**     **Material Not Covered By This Order**

No Material shall be deemed CONFIDENTIAL if it is Material that:

a. is in the public domain at the time of disclosure; or

b. becomes a part of the public domain as a result of publication not involving a violation of this Protective Order; or

c. the Receiving Party lawfully received from a nonparty without restriction as to disclosure, provided such nonparty has the right to make the disclosure to the Receiving Party; or

d. the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's CONFIDENTIAL Material.

**5.**     **Nonparty Designations**

Nonparties who produce Material in this action may avail themselves of the provisions of this Protective Order, and Material produced by nonparties shall be treated by the Parties in conformance with this Protective Order.  A nonparty's use of this Protective Order for its CONFIDENTIAL Material does not entitle that nonparty to have access to CONFIDENTIAL Material produced by any Party in this case.

**6.**     **Challenges to Designations**

The Parties and any nonparty that produce Material pursuant to this Protective Order shall use reasonable care when designating Material as CONFIDENTIAL.  Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated hereunder.  If any Party disagrees with the Designating Party's designation of any Material, then they initially shall make every attempt to resolve the dispute without court involvement.  If they are unable to resolve such a dispute informally, the Party disagreeing with

the designation may apply to the Court for relief. The Designating Party asserting confidentiality will bear the burden of proving confidentiality upon any such application. In accordance with Local Court Rule 37, any motion regarding disputed Material or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

Any disputed Material shall be treated in the manner designated by the Designating Party and subject to the protection of this Protective Order unless and until the Court determines otherwise. No Party shall be obligated to challenge the propriety of a designation, and a failure to do so shall not constitute an admission that any Material is appropriately designated, nor preclude a later challenge to the propriety of such designation.

**7.   General Limitations on Disclosure and Use of Designated Material**

CONFIDENTIAL Material and the substance and content thereof, including any notes, memoranda, or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this litigation and not for any business purpose. Any person in possession of CONFIDENTIAL Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material to ensure that the confidential nature of the Material is maintained. If CONFIDENTIAL Material is disclosed or comes into the possession of any person other than in a manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Designating Party of all pertinent facts relating to such disclosure and shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

**8.   Limitations on Disclosure of the Identification Information**

Because this case includes allegations regarding minors, the Parties agree that papers to be filed in Court shall be filed in accordance with Local Court Rule 5.2, including that names of minor

children shall reduced to initials unless currently over the age of 18 and that personal data identifiers shall be redacted in accordance with Local Court Rule 5.2.

The Parties further agree that the parties and the witnesses shall not disclose minors' identities during any proceedings connected with this case. The parties and witnesses will refer to minor children only by using agreed-upon initials or pseudonyms (*e.g.*, "C.H. and M.H."), rather than their *bona fide* names, in motion practice, in any public filing with the Court, during the presentation of evidence at arguments, and at trial.

**9.    Access to Designated Material**

      a.    <u>Access to CONFIDENTIAL Material</u>

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information, documents, or things designated as "CONFIDENTIAL" only to the following persons identified below regarding use of Designated Material:

    i.    The Court and its personnel, including court reporters and the jury.

    ii.   Mediators, arbitrators, and such of their staff as may be necessary for the conduct of the mediation or arbitration.

    iii.  Outside Counsel for each Party, as well as paralegals, administrative assistants, secretaries, and other members of the clerical and administrative staff ("Support Staff") who work for such counsel and whose functions require access to Material designated CONFIDENTIAL.

    iv.   In-House Litigation Counsel for each Party and Support Staff who work for such counsel and whose functions require access to Material designated CONFIDENTIAL.

    v.    Outside Consultants with whom counsel deem it necessary to consult concerning technical, financial, or other aspects of this case to prepare for trial; however, no Material designated as CONFIDENTIAL shall be disclosed by a

                Receiving Party to an Outside Consultant until the Outside Consultant has signed and returned to the Receiving Party's Outside Counsel the Confidentiality Agreement attached hereto as <u>Exhibit A</u>, declaring that he or she has read and understands this Protective Order and agrees to be bound by its terms. The Receiving Party's Outside Counsel shall retain the written Confidentiality Agreement for the duration of the litigation.

    vi.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have received a copy of this Protective Order and agreed to it by executing Exhibit A, unless otherwise agreed by the designating party or ordered by the Court.

    vii.    Professional Vendors with whom counsel deem it necessary to engage in order to obtain copies of Material designated CONFIDENTIAL as reasonably necessary for maintaining, defending, or evaluating this litigation. Before disclosing any protected information to any person or service described in this paragraph, Outside Counsel for the Receiving Party shall first obtain from such person or service a written Confidentiality Agreement, in the form attached hereto as <u>Exhibit A</u>. The Receiving Party's Outside Counsel shall retain such written Confidentiality Agreement for the duration of the litigation.

    viii.    Any other person as to whom the Designating Party agrees in writing.

    b.    <u>Filing Under Seal of CONFIDENTIAL Material</u>

Any Party or third-party discovery respondent ("Filing Party") seeking to file with the Court a document that contains CONFIDENTIAL Material may, pursuant to the Western District of Washington Civil Rules and Judge Robart's Chambers Procedures, move to obtain the Court's permission to file that document under seal. The Filing Party shall comply with all procedures ordered by the Court with respect to such motions, but under no circumstances shall the Filing Party file the document not under seal prior to the Court's ruling on the motion to seal. If any

Filing Party fails to file Designated Material under seal, the Designating Party or any Party claiming confidentiality for the Designated Material may move the Court to place the filing under seal in accordance with Western District of Washington Civil Rules and Judge Robart's Chambers Procedures.

The Parties agree to cooperate with respect to any motion seeking leave to seal any Designated Material, and it shall be the Designating Party's burden to justify the need to seal the Designated Material. In the event that the Court denies a motion seeking leave to seal any Designated Material, the Receiving Party shall be free to file the Designated Material without sealing.

**10.     Stipulations or Additional Relief from the Court; Rights Reserved**

The Parties may, by stipulation or other agreement on the record or in writing, provide for exceptions to this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Material designated as CONFIDENTIAL. Nothing in this Protective Order shall be deemed to prejudice the rights of the Parties to object to the production of documents they consider not subject to discovery except where such objection is based solely on the confidentiality of such documents.

**11.     Destruction or Return of Documents at the End of Litigation**

a. <u>General Obligation to Destroy CONFIDENTIAL a Material at the End of Litigation</u>

Within 60 days after entry of a final, nonappealable judgment or order, expiration of the deadline for any party to appeal an appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party shall: (i) destroy all Material received from the Producing Party that is designated CONFIDENTIAL, unless the Producing Party requested that certain Material be returned rather than destroyed; and (ii) destroy in whatever form stored or reproduced, all other physical objects and documents (including but not limited to

correspondence, memoranda, notes, and other work product materials) that contain or refer to CONFIDENTIAL Material; provided, however, that Outside Counsel shall be entitled to maintain for its files copies of all attorney work product and pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial. Each Party will provide reasonable confirmation and assurance of their compliance with this paragraph upon request.

**12.    Survival of Order and Retention of Jurisdiction**

The terms of this Protective Order shall survive the final termination of this action to the extent that any CONFIDENTIAL Material is not or does not become known to the public. This Court shall retain jurisdiction over this action for the purpose of enforcing this Protective Order. The Parties agree that any order of dismissal of the litigation as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal. Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

**13.    Treatment Prior to Entry of Order**

Each Party agrees to be bound by the terms of this Protective Order as of the date it executes the Order below, even if prior to entry of the Order by the Court.

**14.    Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "CONFIDENTIAL," then the Receiving Party must promptly – and in no event more than ten calendar days after Receiving the subpoena or order – notify the Designating Party. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the person who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy

of this Stipulated Protective Order promptly to the person in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its CONFIDENTIAL Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**SO ORDERED** this 5th day of December, 2024.

_____
James L. Robart
United States District Judge

**STIPULATED AND AGREED TO:**

ROBERT W. FERGUSON
Attorney General
*s/ Peter E. Kay*
Peter E. Kay, WSBA #24331,
OID # 91023
Assistant Attorney General
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
Tel: (360) 586-6300
Email: Peter.Kay@atg.wa.gov
***Attorney for State of Washington Department of Children, Youth, and Families, Kelsey Owens, and Lauren Maulden***

*s/ Kerri A. Jorgensen*
Kerri A. Jorgensen, WSBA #28310
Duncan K. Fobes, WSBA #14964
Sarah A. Tatistcheff, WSBA #51098
**PATTERSON BUCHANAN FOBES & LEITCH, INC., P.**
1000 Second Ave., 30th Floor
Seattle, WA 98104
Email: KAJ@pattersonbuchanan.com
          DKF@oattersonbuchanan.com
          SAT@pattersonbuchanan.com
***Attorneys for City of Renton Police Department and Detective Adele O'Rourke***

*s/ David J. Shlansky*
David J. Shlansky, MA BBO #565321*
Colin R. Hagan, MA BBO #684798*
**SHLANSKY LAW GROUP, LLP**
1 Winnisimmet Street
Chelsea, MA 02150
Tel:    (617) 492-7200
Email: david.shlansky@slglawfirm.com
          colin.hagan@slglawfirm.com
(*admitted *pro hac vice*)

Eliot M. Harris, WSBA #36590
**WILLIAMS, KASTNER & GIBBS PLLC**
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Tel:    (206) 628-6600
Fax:    (206) 628-6611
Email: eharris@williamskastner.com
***Attorneys for Plaintiffs***

**EXHIBIT A**

HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| M.H., a minor; C.H., a minor; SOPHIE HARTMAN, individually and as a parent of C.H. and M.H.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON DEPARTMENT OF CHILDREN, YOUTH AND FAMILIES ("DCYF"); KELSEY OWENS, DCYF Investigator; LAUREN MAULDEN, DCYF Case Worker; CITY OF RENTON POLICE DEPARTMENT ("CRPD"); ADELE O'ROURKE, CRPD Detective; SEATTLE CHILDREN'S HOSPITAL; REBECCA T. WIESTER, M.D.; MARK S. WAINWRIGHT, M.D., Ph.D.; TIMOTHY J. BREI, M.D.; LUSINE AMBARTSUMYAN, M.D.; HELEN L. DICHEK, M.D.; NANCY CHASE, B.S.N., R.N.; BETH WEBB NAUERT, M.D.; and JOHN and JANE DOES 1-10,<br><br>Defendants. | No. 2:24-cv-00554-JLR<br><br>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

STIPULATED PROTECTIVE ORDER
(2:24-cv-00554-JLR) – 15

4.    I have received a copy of the Stipulated Protective Order entered in this case on _____, 2024, and declare under penalty of perjury that I have carefully read and understand its contents and confidentiality requirements.  I will not divulge any information or other Materials designated as "CONFIDENTIAL" to any persons other than those specifically authorized by said Order to receive such Materials.

5.    I consent to be subject to the jurisdiction and authority of this Court in the event of any violation of this agreement or any dispute related to this agreement, including any proceedings relating to contempt of Court.

DATED this \_\_ day of _____, 2024.

_____

_____
*[Typed Name]*

STIPULATED PROTECTIVE ORDER
(2:24-cv-00554-JLR) – 16

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2024, I caused a copy of the foregoing Stipulated Protective Order to be served on all counsel of record by CM/ECF and electronic mail.

DATED: December 4, 2024

By /s/ David J. Shlansky
David J. Shlansky

CERTIFICATE OF SERVICE
(2:24-cv-00554-JLR)